1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW B. CRAMER,                          Case No.: 1:23-cv-01511-CDB

12                        Plaintiff,

13          v.                                    **FINDINGS AND RECOMMENDATIONS TO
                                                  DENY PLAINTIFF'S APPLICATION TO
14   DIRECTOR OF CORRECTIONS, et al.,             PROCEED *IN FORMA PAUPERIS***

15                        Defendants.             (Doc. 2)

16                                                **14-DAY OBJECTION PERIOD**

17                                                Clerk of the Court to Assign District Judge

18          Plaintiff Matthew B. Cramer is proceeding pro se in this civil rights action pursuant to 42

19   U.S.C. § 1983. On October 23, 2023, Plaintiff filed an Application to Proceed *In Forma Pauperis*

20   ("IFP"). (Doc. 2.)

21          Because Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915 and

22   fails to show that he is under imminent danger of serious physical injury, the Court will

23   recommend that his motion be denied.

24   **I.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

25          28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides that "[i]n

26   no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or

27   more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

28   a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

## II.    DISCUSSION

The Court takes judicial notice[1] of three prior lawsuits filed by Plaintiff in this Court and another district court in this Circuit:

(1) *Cramer v. Warner*, No. 2:00-mc-00099-FCD-GGH (E.D. Cal.) (dismissed for failure to state a claim on July 26, 2001);

(2) *Cramer v. Multnomah Cty. Sheriff Dep't,* No. 3:02-cv-00141-JE (D. Or.) (dismissed for failure to state a claim on June 25, 2002); and

(3) *Cramer v. Schwarzenegger,* No. 1:08-cv-01310-GSA (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2009).

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes, and each was dismissed prior to the commencement of the current action on October 23, 2023, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff alleges that certain correctional officers at North Kern State Prison are abusing inmates assigned to the C-2 dorm. Plaintiff contends the officers use C-2 inmate workers to assault and intimidate inmates assigned to the unit who have

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

been convicted of sexual offenses. Plaintiff states he is not a sexual offender, so he was left alone. He asserts those inmates who did not immediately identify themselves as sexual offenders were later identified as such by the correctional officers to other inmates and the inmate workers. All those identified as sex offenders were assigned upper tier beds contrary to "control custody" orders. The inmate workers, at the direction of the correctional officers, then sexually or physically assaulted those inmates identified as sexual offenders. They also intimated those inmates, including extorting the inmates by way of their canteen orders, stealing their property and withholding or interfering with their food. Plaintiff also contends his outgoing legal mail is being discarded by the officers. He further asserts one such inmate reported another brandishing a knife, only to be labeled a snitch and a day later to be stabbed. Plaintiff contends he "has suffered retaliatory abuses that include being stabbed as late as 2019-2020 at New Folsom" and that he is "in fear of guards purposefully setting up Plaintiff with write-ups, being victimed [sic], harmed or killed." He asserts he "is now suffering PTSD fear of safety due to de-ja-vu- abuses that include [19]95-to date injuries." Plaintiff requests the "U.S. Magistrate to recognize these daily events," and for the United States Courts to "'leverage' to get CDCR officials to investigate."

The "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Andrews*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *Allen v. Villanueva*, No. 3:20-cv-02334-WQH-WVG, 2021 WL 614995, at *2 (S.D. Cal. Feb. 16, 2021) ("conclusory references to a past incident of force, without more, are insufficient to plausibly suggest Plaintiff faced an 'imminent danger of serious physical injury' at the time he filed his Complaint"); *Cohea v. Davey*, No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger" under 1915(g)), reconsideration denied, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020)); *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical"); *see also Lewis v. Sullivan*,

279 F.3d 526, 531 (7th Cir. 2002) (the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate"). Thus, to the extent Plaintiff alleges imminent danger based on past dangers, those do not qualify.

Further, the imminent danger presented to others—like the inmates identified as sexual offenders in C-2—does not qualify as an imminent danger of serious physical injury to Plaintiff. *See Manago v. Cahow*, No. 5:20-CV-01220 MCS (KES), 2021 WL 621093, at *1 (C.D. Cal. Jan. 6, 2021) ("While these *other* protective-custody inmates may plausibly face an imminent danger of serious physical injury…, the Second Amended Complaint does not plausibly allege that *Plaintiff* was targeted by Defendant for assault or is otherwise 'under imminent danger of serious physical injury'"). In fact, Plaintiff asserts he has been "left alone" because he has not been convicted of sexual offenses.

Accepting as true Plaintiff's assertion that his outgoing legal mail is being interfered with, that circumstance does not qualify as an imminent danger of serious physical injury to Plaintiff. *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury"); *see Bradford v. Ceballos*, No. 1-20-cv-01821-SAB (PC), 2021 WL 53167, at *2 (E.D. Cal. Jan. 6, 2021) ("Plaintiff's general assertion that the alleged improper processing of his appeal caused him harm fails to demonstrate that plaintiff was 'under imminent danger of serious physical injury' when he filed the instant complaint"); *Harris v. Torres*, No. 1:19-cv-01171 JLT (PC), 2020 WL 1557801, at *2 (E.D. Cal. Feb. 4, 2020) (plaintiff's allegations regarding confiscation of property do not meet the imminent danger exception); *Simmons v. Kishbaugh*, No. 2:19-cv-1650-TLN-EFB P, 2020 WL 1853038, at *1 (E.D. Cal. Apr. 13, 2020) ("plaintiff alleges an access to courts claim … which fails to demonstrate that plaintiff was under imminent danger of serious physical injury when he filed this action"); *Thomas v. Parks*, No. 1:16-cv-01393-LJO-JLT (PC) 2018 WL 4373021, at *2 (E.D. Cal. Sept. 13, 2018) ("Plaintiff's allegations in this action are based largely on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation …

4

access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury").

To the extent Plaintiff relies on his present "PTSD fear of safety" to assert imminent danger, Plaintiff's assertions are insufficient to establish imminent danger of serious physical injury. *See, e.g., Henderson v. Chambers*, No. CV 323-022, 2023 WL 2482223, at *2 (S.D. Ga. Mar. 10, 2023) ("Plaintiff's implied, conclusory allegations of potential, future harm because 'corrupt' prison officials are selling drugs to other inmates inside the prison are insufficient to establish imminent danger of serious physical injury to Plaintiff"); *Young v. Atchley*, No. 20-CV-08349-LHK, 2021 WL 9166404, at *7 (N.D. Cal. Aug. 20, 2021) ("The Court finds that plaintiff's charge of a statewide conspiracy [to murder him] is implausible, and therefore plaintiff may not proceed under the imminent danger exception"); *Jones v. Pollard*, No. 3:20-cv-00805-GPC-AGS, 2020 WL 7260667, at *2 (S.D. Cal. Dec. 10, 2020) (plaintiff's "generalized claims of being 'harassed' and 'detested by many officials (upper)' because he has filed many 'legal complaints against CDC[R]' in the past…are also insufficient to plausibly show the 'imminent danger of serious physical injury' required"); *Patrick v. Altshuler*, No. 2:17-CV-1046 AC P, 2017 WL 4539273, at *5 (E.D. Cal. Oct. 11, 2017) (finding prisoner's claims of "[f]ear with trust issues" and "painful" "[a]buse[s] of power" were insufficient to demonstrate he was "under imminent danger of serious physical injury" under § 1915(g)); *Manago v. Beard*, No. 1:16-cv-00293-LJO-SAB (PC), 2016 WL 4191893, at *2 (E.D. Cal. Aug. 8, 2016) ("Plaintiff's vague and conclusory allegations relating to an 'ongoing criminal conspiracy' among prison staff fails to present imminent danger exception to section 1915(g)"); *Tierney v. Abercrombie*, No. 12-00293 LEK/KSC, 2012 WL 1983264, at *2 (D. Haw. May 31, 2012) ("Although Plaintiff alleges that he is claustrophobic, is having nightmares, and lives in fear for his life, these vague and completely speculative fears are insufficient to support a claim of imminent danger of serious physical injury"); *Pauline v. Mishner*, No. 09-00182 JMS/KSC, 2009 WL 1505672, at *3 (D. Haw. May 28, 2009) ("Plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)").

1    In sum, Plaintiff is precluded from proceeding IFP in this action because at the time he

2  filed his complaint he was not under imminent danger of serious physical injury. *Andrews*, 493

3  F.3d at 1052-53.

4  **III.     ORDER AND RECOMMENDATIONS**

5    For the reasons set forth above, the Court DIRECTS the Clerk of the Court to assign a

6  district judge to this action and RECOMMENDS that:

7    1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,

8    2.  Plaintiff be ordered to pay the $402.00 filing fee in full within 30 days.

9    These Findings and Recommendations will be submitted to the United States District

10  Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of

11  service of these Findings and Recommendations, Plaintiff may file written objections with the

12  Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

13  Recommendations." Plaintiff's failure to file objections within the specified time may result in

14  waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

15  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

16  IT IS SO ORDERED.

17  Dated:   __**October 31, 2023**__                     _____

18                                              UNITED STATES MAGISTRATE JUDGE

6