**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>DIRECTOR OF CORRECTIONS, et al.,<br><br>        Defendants. | Case No.: 1:23-cv-01511 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 7) |

Matthew B. Cramer seeks proceed *in forma pauperis* in this action, asserting the defendants are liable for violations of his civil rights. (Docs. 1, 2.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge found Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), identifying the following cases that were dismissed for failure to state a claim:

1. *Cramer v. Warner*, No. 2:00-mc-00099-FCD-GGH (E.D. Cal.) (dismissed on July 26, 2001);

2. *Cramer v. Multnomah Cty. Sheriff Dep't*, No. 3:02-cv-00141-JE (D. Or.) (dismissed on June 25, 2002); and

3. *Cramer v. Schwarzenegger*, No. 1:08-cv-01310-GSA (E.D. Cal.) (dismissed on April 24, 2009).

(Doc. 7 at 2.) The magistrate judge also found Plaintiff fails to show he was in imminent danger of serious physical injury, such that an exception to Section 1915 applies. (*Id.* at 2-6.) Therefore,

1

the magistrate judge recommended Plaintiff's motion to proceed *in forma pauperis* be denied and that Plaintiff be ordered to pay the $402 filing fee within 30 days. (*Id.* at 6.)

Plaintiff filed objections to the Findings and Recommendations. (Doc. 9.) Plaintiff notes that cases identified by the magistrate judge date back twenty years, and asserts that in the *Warner* action, he "did state a claim" and it was "dismissed without prejudice." (*Id.* at 2.) Plaintiff contends he "clearly has shown the immenent (sic) danger rule" applies. (*Id.* at 1.) Finally, Plaintiff reports that he "does not object to paying," but he "cannot pay upfront costs due to poverty." (*Id.* at 1, 2.)

As an initial matter, "[t]there is no time limit in Section 1915(g)." *Joseph v. Johnson*, 2021 WL 4430269, at *3 (D.N.M. Sept. 27, 2021); *see also Antrell v. Brown*, 2021 WL 4192022, at *6 (E.D. Mich. Sept. 15, 2021) ("there is no time limit on Section 1915(g)'s three strikes provision") (citation omitted). Thus, Plaintiff has not identified any error in considering cases in 2000 and 2003, and his objection on this basis is overruled. *See Johnson*, 2021 WL 4430269, at *3; *see also Peoples v. Conley*, 2023 WL 312784, at *1 (S.D. Ohio Jan 19, 2023) (rejecting the plaintiff's arguments that "the three-strikes provision should not apply to him because he has been imprisoned for 35 years as there is no time limit on Section 1915(g)'s three strike provision").

Though Plaintiff objects that he "did state a claim" in *Warner* (Doc. 9), the Court's review of the record in *Cramer v. Warner*, No. 2:00-mc-00099-FCD-GGH (E.D. Cal.) belies this assertion.[1] In *Warner*, the Court found the plaintiff sought to state a claim for copyright violation but he "did not plainly identify defendants" in his complaint. (Case No. 2:00-mc-00099, Doc. 17 at 2.) The Court found leave to amend was futile because Plaintiff acknowledged that "he [did] not have sufficient information to state a claim for copyright violation." (*Id.* at 3.) Therefore, the Court dismissed the action. (Case No. 2:00-mc-00099, Doc. 20 at 2.) Because the Court clearly determined that Plaintiff failed to state a cognizable claim and dismissed the action on these

---

[1] The magistrate judge took judicial notice of the Court records in *Cramer v. Warner*, No. 2:00-mc-00099-FCD-GGH (E.D. Cal.) (Doc. 7 at 2, n.1.) As the magistrate judge observed, the Court may take judicial notice of such records. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

grounds, the magistrate judge did not err in identifying the *Warner* dismissal as a strike. *See* 28 U.S.C. § 1915(g) (an action counts as a strike where a case is dismissed because it "fails to state a claim upon which relief may be granted"). Thus, Plaintiff's objections to the findings regarding *Warner* are overruled.

Finally, as the magistrate judge determined, Plaintiff does not identify any facts supporting a conclusion that he is in imminent danger of serious physical injury. (*See* Doc. 7 at 2-4.) Plaintiff alleges he witnessed abuses upon other prisoners and contends that his "safety is endangered as … [he is] similarly situated." (Doc. 1 at 11-12, 14.) However, Plaintiff also acknowledges that prisoners who were targeted were sex offenders and that he is "not a sexual offender so [he] was left alone." (*Id.* at 5.) This information contradicts Plaintiff's assertion that he was "similarly situated" to the prisoners who have suffered abuse. There are no allegations indicating that *Plaintiff* was personally in any danger at the time the complaint was filed. Importantly, "[i]mminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). Plaintiff's fear and speculation that he may also suffer abuse at some time do not support a determination that he is in imminent danger, and he fails to show the exception of Section 1915 should be applied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on October 31, 2023 (Doc. 7) are **ADOPTED** in full.
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Plaintiff **SHALL** pay the $402 filing fee in full for this action within 30 days of the date of service of this order.

///

///

4. **Plaintiff's is advised the failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   **December 8, 2023**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE